UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHATCHAI UDOMPORN,

    Plaintiff,

v.                                Case No. 5:23-cv-161-AW-MJF

FRANK KENDALL,

    Defendant.
                                /

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to serve the Defendant timely, the District Court should dismiss this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

**A.    The Undersigned Directed Plaintiff to Serve Defendant**

On June 12, 2023, Plaintiff, proceeding *pro se*, commenced this civil action against the Secretary of the Air Force, Frank Kendall. Plaintiff alleges that he is the victim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Doc. 1.

On July 17, 2023, the undersigned ordered Plaintiff to serve his complaint on Defendant. Doc. 8. Because Plaintiff is proceeding *pro se*, the undersigned advised Plaintiff to read Rule 4 of the Federal Rules of Civil Procedure. *Id.* at 1. The undersigned also informed Plaintiff that Rule 4(i) governed the service of the United States, its agencies, and its employees. *Id.* The undersigned provided Plaintiff until October 16, 2023, to comply with the order. *Id.* at 2. The undersigned warned Plaintiff that the failure to effect service timely likely would result in dismissal of this action. *Id.*

**B.    Plaintiff's "Acknowledgment of Service"**

On September 29, 2023, Plaintiff filed an "Acknowledgment of Service" which indicated that Plaintiff personally served the summons and complaint on Holly L. Buchanan, who purportedly is an attorney who works for the U.S. Air Force at Eglin Air Force Base. Doc. 12 at 3.

**C.    The Undersigned's First Order to Show Cause**

On November 30, 2023, the undersigned explained that Plaintiff's service attempt appeared deficient. Doc. 13. The undersigned explained:

- Plaintiff could only sue Frank Kendall in his official capacity;

- when suing an officer of the United States, "a plaintiff is required to serve the United States under Rule 4(i)(1) and send a copy of the summons and complaint by registered or certified mail to the agency or officer. Fed. R. Civ. P. 4(i)(2)"; and

- Service cannot be accomplished by a party in the lawsuit.

*Id.* at 2–3. Accordingly, the undersigned ordered Plaintiff to show cause why this case should not be dismissed and explain what steps he took to effectuate service of Defendant. *Id.* at 3. The undersigned imposed a compliance deadline of December 21, 2023. *Id.* The undersigned warned Plaintiff that the failure to comply likely would result in dismissal of this action. *Id.* Plaintiff did not respond to that order.

D. **The Undersigned's Second Order to Show Cause**

Because the statute of limitations would preclude Plaintiff from pursuing his claims were this case dismissed, and because there is a strong preference for deciding cases on the merits whenever reasonably possible, on February 8, 2024, the undersigned afforded Plaintiff a second opportunity to show cause why this case should not be dismissed. Doc. 14. The undersigned imposed a compliance deadline of February 29, 2024. *Id.* at 2. The undersigned specifically warned Plaintiff: **"If**

**Plaintiff fails to respond to this order and fails to properly serve Defendant, the District Court likely will dismiss this case. Once Plaintiff's case is dismissed, Plaintiff likely will be forever barred from raising his claims."** *Id.*

E. <u>Plaintiff's Response to the Undersigned's Second Order</u>

On February 29, 2024, Plaintiff responded to the undersigned order of February 8, 2024. Doc. 15. Plaintiff conceded that, as of the date of his response, his personal service of Holly L. Buchanan was Plaintiff's only attempt to serve Defendant. *Id.* at 1; *see* Doc. 15-1. Plaintiff contended that this was proper service. Doc. 15 at 2. Plaintiff does not allege that he served the United States government, other than Holly L. Buchanan.

## II. DISCUSSION

Service is a jurisdictional requirement, and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inves.*, 553 F.3d 1351, 1360 (11th Cir. 2008). The plaintiff is responsible for having the summons and complaint served on the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir.

2007). Thus, a plaintiff must ensure that service is completed properly within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure. *Id.*

Rule 4(m) states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

### A.   Plaintiff's Service Attempt Was Inadequate

A "federal employee alleging violations of Title VII may sue only the head of the agency at issue in his or her official capacity and no one else." *Garcia-Cabrera v. Cohen*, 81 F. Supp. 2d 1272, 1278 (M.D. Ala. 2000), *aff'd*, 237 F.3d 636 (11th Cir. 2000). Rule 4(i) of the Federal Rules of Civil Procedure, therefore, governs the requirements for service in this case. To properly accomplish service on an officer of the United States, a plaintiff must (1) serve the officer and (2) serve the United States.[1] Fed. R. Civ. P. 4(i)(1)–(2).

---

[1] Even if Plaintiff erroneously believed that he could assert an individual capacity claim against Frank Kendall, Rule 4 still requires service on the

To properly serve an officer of the United States, Plaintiff was required to send a copy of the summons and complaint by registered or certified mail to the officer (*i.e.*, Frank Kendall). Fed. R. Civ. P. 4(i)(2).

To properly serve the United States, Plaintiff was required to complete each of these two essential steps:

- deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought— or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of the summons and a copy of the complaint by registered or certified mail to the civil-process clerk at the United States attorney's office; and

- send a copy of the summons and a copy of the complaint by "registered or certified mail to the Attorney General of the United States at Washington, D.C."

Fed. R. Civ. P. 4(i)(1)(A)–(B).

Plaintiff's attempt at personal service was insufficient under Rule 4(i)(2). Even if delivering a copy of the complaint and summons to an individual designated to accept service on behalf of Frank Kendall was a permissible alternative to mailing the documents by certified or registered mail, Plaintiff—as a party to this suit—cannot permissibly

---

United States. Fed. R. Civ. P. 4(i)(3) ("[A] party must serve the United States and also serve the officer or employee under Rule 4(e), (f), (g).").

effect service. Fed. R. Civ. P. 4(c). Even *pro se* litigants must comply with procedural rules regarding service. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Furthermore, Plaintiff has not alleged or demonstrated that he attempted to serve the United States. Plaintiff has not alleged—much less shown—that he served the Attorney General of the United States. *See* Doc. 15 at 1–2. Plaintiff also has not alleged—much less shown—that he served the United States attorney for the Northern District of Florida. *See id.* Plaintiff, therefore, also failed to accomplish these essential steps to perfect service on Defendant.

Because Plaintiff has not served Defendant and more than ninetydays have elapsed since filing Plaintiff's complaint, this action is subject to dismissal unless Plaintiff can establish that an extension of time is warranted.

B.   Plaintiff is Not Entitled to an Extension of Time

   1.   *Plaintiff is Not Entitled to an Extension Under Rule 4(i)(4)*

Under Rule 4(i)(4), the court must allow a party reasonable time to "cure its failure to . . . [serve an officer] under Rule 4(i)(2), if the party

has served either the United States attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4). Plaintiff has not served the United States attorney or the Attorney General of the United States. *See generally* Doc. 15. Therefore, Plaintiff is not entitled to a mandatory extension under Rule 4(i)(4) to cure his failure to serve the relevant officer of the United States (*i.e.*, Frank Kendall).

### 2.   *Failure to Articulate Good Cause for His Tardiness*

If a plaintiff shows good cause for his failure to timely serve a defendant, the court must extend the deadline. Fed. R. Civ. P. 4(m). Good cause to extend the deadline for service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam), *superseded in part by rule as stated in Horenkamp v. Vanwinkle and Co., Inc.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)). In determining whether good cause exists, "[c]ourts will look to 'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process,' to determine whether [the plaintiff] satisfied the 'good cause'

requirement." *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995) (citations omitted).

Here, Plaintiff has not shown good cause for his failure to effect service. *See* Doc. 15. There is no indication that service was outside of his control. *See id.* Nor is there evidence, he was misled as to the requirements for service. *Id.*

### 3. *A Permissive Extension Is Not Warranted*

Even in the "absence of good cause," a "district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281. In determining whether a permissive extension is warranted, courts look at the factors set forth in the advisory committee notes to Rule 4. *Horenkamp*, 402 F.3d at 1132–33. For example, "relief may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* at 1132–33 (quoting Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendments).

In this case, a permissive extension of time to serve Defendant is not warranted. First, there is no evidence that Defendant was evading service. Second, on November 30, 2023, the undersigned explained to

Plaintiff the defects in Plaintiff's service attempt. Doc. 13 at 2–3. Plaintiff, therefore, cannot assert that he was unaware of the defects or his need to effect proper service timely.

Finally, although the statute of limitations has expired and dismissal without prejudice effectively will preclude Plaintiff from refiling his claims in the future,[2] this alone "does not require that the district court extend time for service of process under Rule 4(m)." *Lepone-Dempsey*, 476 F.3d at 1282. Extension of the deadline to effect service would be particularly inappropriate in this case because:

- **228 days** (July 17, 2023, to March 1, 2024) have passed since the undersigned directed Plaintiff to effect service.

- the undersigned advised Plaintiff twice of the relevant Rules of Civil Procedure that govern service on Defendant. Doc. 8 at 1–2; Doc. 13 at 2–4.

- the undersigned advised Plaintiff three times that the failure to serve Defendant would result in dismissal of this action. Doc. 8 at 1–2; Doc. 13 at 4; Doc. 14 at 2.

---

[2] It appears that Plaintiff filed his complaint three days after the statute of limitations expired. Doc. 1 at 8, 14–15; *Robinson v. City of Fairfield*, 750 F.2d 1507, 1509 n.2 (11th Cir. 1985) (holding that courts must look at the date on which the clerk received the complaint to determine whether plaintiff timely commenced a civil action).

- the undersigned advised Plaintiff that a dismissal without prejudice in this action effectively would preclude Plaintiff from refiling his claims. Doc. 14 at 2.

- the undersigned explained to Plaintiff the defects in his service attempt, Doc. 13 at 2–3;

- Plaintiff failed to comply or respond to the undersigned's order of November 30, 2023;

- **92 days** (November 30, 2023, to March 1, 2024) have passed since the undersigned advised Plaintiff of the defect in his service attempt;

- Plaintiff has not served the Attorney General of the United States;

- Plaintiff has not served the United States Attorney for the Northern District of Florida;

- Plaintiff has not corrected the defects in the attempted service on Frank Kendall;

- Plaintiff has not requested an extension of time to serve the Attorney General of the United States;

- Plaintiff has not requested an extension of time to serve the United States Attorney for the Northern District of Florida; and

- Plaintiff has not requested an extension of time to correct his defective service of Frank Kendall.

*See generally* Doc. 15.

"The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law." *Roadway Express,*

*Inc. v. Piper*, 447 U.S. 752, 757 n.4 (1980). Delay causes "stale evidence and the fading of material facts in the minds of potential witnesses." *Ryland v. Shapiro*, 708 F.2d 967, 975 (5th Cir. 1983). "[P]ossibilities for error multiply rapidly as time elapses between the original fact and its judicial determination." *Rheuark v. Shaw*, 628 F.2d 297, 303–04 n.10 (5th Cir. 1980). Accordingly, federal courts have a duty to ensure that cases are progressing toward a resolution.

Plaintiff's lack of diligence in effecting service has inhibited a prompt resolution of this case on the merits. The District Court, therefore, should dismiss this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (affirming denial of permissive extension where the plaintiff failed to act even after he was notified of the insufficiency in service).

### III. Conclusion

Because Plaintiff has failed to effect service on Defendant timely, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m).

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this <u>1st</u> day of March, 2024.

                              /s/ *Michael J. Frank*
                              **Michael J. Frank**
                              **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**